AUGUSTUS A. HARDENBERGH and others, executors,

*v.*

MARY M. CONVERSE and others.

Under the charter of Jersey City, the lien of mortgages is subject to that of taxes and assessments for improvements subsequently laid.

Bill to foreclose. On general demurrer by the mayor and aldermen of Jersey City.

*Mr. L. Zabriskie*, for complainants.

*Mr. L. Abbett*, for demurrants.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage given in 1866, on real property now in Jersey City, but then in what was, at

that time, known as the town of Bergen. It states that in 1872, 1873, 1874, 1875, 1876 and 1877, the mayor and aldermen of Jersey City levied and assessed against the mortgaged premises certain specified sums for annual taxes, and that in 1873 the premises were sold to the city treasurer of Jersey City, for the benefit of the corporation, for $264.59, for unpaid taxes assessed against the premises by the mayor and aldermen of Jersey City, and due in November 1871; that in May, 1875, the corporation assessed the premises to the amount of $595, for benefits thereto on account of the extension and opening of Wayne street, which assessment, however, the bill states, the complainants are informed, has been set aside or suspended, in order that a new assessment might be made; and, also, that in 1878 the premises were assessed, by or under the authority of the corporation, for the sum of $1,159, for benefits to the premises on account of the improvement of Wayne street. It charges that the liens claimed by the corporation upon the premises for those taxes and assessments, having been made and created subsequent to and under laws that were passed and went into effect after the making of the mortgage, are subsequent to the lien of the mortgage; and, further, that by the terms of the laws authorizing them, those taxes and assessments are not made liens upon the premises, except subject to the complainants' mortgage, and that if, by the provisions of such laws, they are prior liens, the laws are, for that reason, unconstitutional and void. It prays that the defendants may be required to pay the complainants' mortgage, and, in default thereof, may be foreclosed. The city has filed a general demurrer.

The question is, whether the lien of those taxes and assessments is prior to that of the complainants' mortgage. As before stated, when the mortgage was given, which was in 1866, the premises were in ˙what was then known as the town of Bergen. By the act of incorporation of that town it was provided (*P. L. 1864 p. 412*) that all taxes and assessments which should thereafter (the act was approved

Hardenbergh *v.* Converse.

March 24th, 1864) be levied, assessed or made upon any lands, tenements, hereditaments or real estate situate in that town, should be and remain a lien thereon until paid, notwithstanding any devise, descent, alienation, mortgage or other encumbrance thereon, and that for non-payment of tax or assessment the land might be sold for the shortest term for which any person would agree to take it and pay the tax or assessment, or the balance thereof remaining unpaid, with the interest thereon, and all costs, charges and expenses. It was also provided that no mortgagee whose mortgage should have been duly recorded before sale for tax or assessment, should be affected by the sale unless six months' notice, in writing, should have been given to him by the purchaser, or those claiming under him. Under that act the lien of tax or assessment was prior to that of any mortgage upon the premises. *Trustees &c.* v. *Trenton, 3 Stew. 667.* By the charter of the city of Bergen (*P. L. 1868 p. 314*), approved March 11th, 1868, a like provision for the assessment and lien and collection of taxes was made. And so, too, by the act to consolidate into one city the cities of Jersey City, Hudson City, Hoboken and Bergen, the town of Union, and the townships of North Bergen, Union, West Hoboken, Greenville, Bayonne and Weehawken, and part of the township of Kearney, approved April 2d, 1869 (*P. L. 1869 p. 1377*). The like provision was made by the act to re-organize the local government of Jersey City, approved March 31st, 1871 (*P. L. 1871 p. 1095*). The lien of the taxes and assessment mentioned in the bill is, therefore, prior to that of the complainants' mortgage. This case is governed by the decision in *Trustees &c.* v. *Trenton,* above cited.

The complainants' counsel insists that the case is distinguishable from that, because, as he claims, the charter of Jersey City, of 1871, provides for the assessment of taxes upon personal estate in that city in a manner different from the general tax law of the state, and does not make provision for the deduction from the valuation of the real and

personal estate of any individual to be assessed, of debts *bona fide* due and owing from him to creditors residing in this state. But by force of the provision of the constitution of this state, as amended, that property shall be assessed for taxes under general laws and by uniform rules, according to its true value, so much of the charter of Jersey City in respect to the levying of taxes as was special, was abrogated. That provision, *proprio vigore*, repealed it. *State, North Ward N. Bank pros.* v. *Newark, 11 Vr. 558.* And the charter, as far as those special provisions are concerned, stands as if they had been repealed at the time of the adoption of the amendment.

The demurrer will be allowed.